
# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

JEFFREY STERLING
13455 Farmcrest Court, #721
Herndon, Virginia 22171

    Plaintiff,

v.

CENTRAL INTELLIGENCE AGENCY
Washington, D.C. 20505

    Defendant.

CASE NUMBER  1:03CV00603

JUDGE: Emmet G. Sullivan

DECK TYPE: Administrative Agency Review

DATE STAMP: 03/██/2003

## COMPLAINT

Plaintiff Jeffrey Sterling brings this action against defendant Central Intelligence Agency for injunctive and declaratory relief pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, the Administrative Procedure Act, 5 U.S.C. § 701 et seq., the All Writs Act, 28 U.S.C. § 1651, the Central Intelligence Agency's internal regulations and the First Amendment to the Constitution of the United States. The Central Intelligence Agency has unlawfully imposed a prior restraint upon Jeff Sterling by infringing on his right to publish his memoirs.

## JURISDICTION

1. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 702 and 28 U.S.C. § 1331.

## VENUE

2. Venue is appropriate in the District under 5 U.S.C. § 703 and 28 U.S.C. § 1391.

## PARTIES

3. Plaintiff Jeffrey Sterling was formerly employed by the Central Intelligence Agency as an Operations Officer. He is required by virtue of a secrecy agreement to submit all writings for prepublication review. He is a citizen of the United States and resides in the Commonwealth of Virginia.

4. Defendant Central Intelligence Agency ("CIA") is an agency as defined by 5 U.S.C. § 701. Its actions have prevented Sterling from publishing portions of his manuscript.

## FACTS

5. Sterling was formerly employed by the CIA as an Operations Officer from 1993-2001.

6. In early 2002, Sterling submitted, pursuant to one or more secrecy agreements, several chapters of and a proposal for his memoirs to the CIA's Office of Prepublication Review ("PRB") for prepublication review. The CIA is required to issue decisions regarding submissions within thirty days of receipt of the document.

7. In April 2002, Sterling and his counsel, Mark S. Zaid, Esq., attended a meeting with PRB officials to discuss CIA concerns regarding some of the contents of Sterling's memoirs. Mr. Zaid presently holds a SECRET level clearance from the Department of Justice, and has what is called limited security approval to SECRET level information at the CIA and Defense Intelligence Agency. As part of his representation of Sterling, he has been approved by the CIA to have access to certain classified information including the memoirs in question. As a result of this meeting, the parties mutually agreed upon certain modifications to the manuscript and an understanding on how to draft the document so as to avoid future classification concerns.

8. In or around October 2002, Sterling submitted additional chapters of his memoirs for classification review. He followed the guidelines presented to him at the April 2002 meeting and the draft was written consistent with prior CIA classification decisions. Although the CIA PRB initially informed Sterling that it would issue its final decision within the thirty-day required time frame, the CIA PRB notified Sterling in late November 2002, that additional concerns had arisen with respect to contents of the manuscript.

9. Upon information and belief, the CIA's Office of General Counsel ("OGC") and other CIA policy offices became involved in the PRB declassification review of Sterling's manuscript. The specific involvement of OGC, in particular, was unusual for manuscript reviews due to the authority provided to the PRB, which has its own attorney, to resolve classification reviews. Indeed, in this particular case, OGC became involved solely to ensure the CIA retained a litigation advantage in a pending unrelated discrimination lawsuit - <u>Sterling v. Tenet et al.</u> 01 Civ. 8073 (S.D.N.Y.), brought by Sterling against the CIA. Thus, information that would otherwise have been cleared by the PRB as unclassified in Sterling's manuscript was ordered to be considered classified so that the CIA's position would be consistent with its litigation strategy in the other lawsuit.

10. By letter dated December 2, 2002, the CIA notified Sterling of its initial decisions regarding his October submission and informed him that certain information within his manuscript was considered classified. Some of the CIA's new decisions conflicted with its prior classification decisions.

11. By letter dated January 3, 2003, the CIA notified Sterling of additional decisions regarding his October submission. Sterling was not only notified that the CIA considered certain information in his manuscript to be classified, which also conflicted with earlier decisions, but the CIA informed Sterling that he should add information into the manuscript that was blatently false. Upon information and belief, the CIA instructed Sterling to knowingly include false information within his manuscript solely to maintain a litigation advantage against Sterling in the unrelated discrimination lawsuit.

<u>**FIRST CAUSE OF ACTION**</u>
<u>**(FIRST AMENDMENT - RIGHT TO PUBLISH -**</u>
<u>**CLASSIFICATION CHALLENGE)**</u>

12. Sterling repeats and realleges the allegations contained in paragraphs 1 through 11 above, inclusive.

3

13. Sterling properly submitted, pursuant to one or more secrecy agreements, his draft memoirs.

14. The CIA has identified classification concerns in the manuscript and denied Sterling the right to publish certain information within his draft memoirs.

15. The CIA has failed to show that Sterling's First Amendment right to publish is outweighed by the government's interest in efficiently carrying out its mission by minimizing harms that are real, not merely conjecture.

16. The CIA has failed to demonstrate the existence of substantial government interests that would enable it to prohibit the publication of certain information within Sterling's memoirs. Moreover, they have imposed unreasonable restrictions on Sterling's activities that are protected by the First Amendment.

17. The CIA's restrictions imposed upon Sterling have been unduly vague and were not narrowly confined to avoid infringement of his First Amendment rights. They have unnecessarily restricted speech that does not serve to protect any substantial government interest.

18. Most importantly, the CIA has failed to produce explanations with reasonable specificity that demonstrate a logical connection between the information to be deleted and the reasons for classification. The reasons for classification are neither rational or plausible. In fact, some or all of the decisions were made solely for the CIA to gain a litigation advantage against Sterling in another lawsuit. Thus, they cannot support the CIA's attempt to censor Sterling's memoirs.

19. Because the CIA has impermissibly infringed upon Sterling's right to publish the information contained within his manuscript, they have violated Sterling's First Amendment rights. Thus, Sterling has suffered actual adverse and harmful effects, including, but not limited to, possible civil or criminal penalties, a delay in being able to report in a timely fashion on credible news stories, and/or lost or jeopardized present or future financial opportunities, which impairs his ability to serve the public.

WHEREFORE, plaintiff Jeffrey Sterling requests that the Court award him the following relief:

(1) Issue a permanent injunction to block the CIA from restraining the publication of portions of his memoirs;

(2) Enjoin the CIA from initiating civil or criminal proceedings against Sterling for future publication of any information within his memoirs;

(3) Declare that Sterling possesses a First Amendment right to publish the information within his memoirs;

(4) Declare that the CIA violated the Administrative Procedure Act and its internal regulations governing prepublication review;

(5) Award Sterling the costs of the action and reasonable attorney fees under the Equal Access to Justice Act or any other applicable law; and

(6) grant such other relief as the Court may deem just and proper.

Date:   March 4, 2003

Respectfully submitted,

*[signature]*

Mark S. Zaid, Esq.   440532
Krieger & Zaid, PLLC
1133 21st Street, N.W., Suite 800
Washington, D.C. 20036
(202) 223-9050

Attorney For Plaintiff