# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JEFFREY STERLING, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:03CV00603 |
| | ) |
| CENTRAL INTELLIGENCE AGENCY, | ) Hon. Emmet G. Sullivan |
| | ) |
| Defendant. | ) |
| | ) |

## DEFENDANT'S OBJECTION UNDER
## LOCAL RULE 40.5 TO PLAINTIFF'S RELATED CASE DESIGNATION

Defendant, the Central Intelligence Agency ("CIA" or "Agency"), hereby objects pursuant to

Local Rule 40.5(c)(3), Rules of the U.S. District Court for the District of Columbia, to the designation

by the plaintiff, Jeffrey Sterling, that this action is related to Stillman v. Department of Defense et al.,

Civil Action No. 1:01CV01342 (EGS).[1]  In the Notice of Designation of Related Civil Cases filed with

the complaint on March 4, 2003, plaintiff designated the instant case as being "related" to the Stillman

case on the ground that it "involves common issues of fact." Under Local Civil Rule 40.5(c)(1), the

case was automatically assigned to this Court.   Plaintiff's lawsuit has no relationship to Stillman as

contemplated under Local Rule 40.5, and judicial efficiency will not meaningfully be served by assigning

this case to the same judge.  Because grounds do not exist in this case for an exception to the rule that

cases be randomly assigned, the CIA respectfully requests that plaintiff's lawsuit be transferred to the

Calendar Committee for reassignment in the ordinary course.

---

[1] The defendant has consulted with counsel for plaintiff, who opposes this objection.

**ARGUMENT**

**THIS LAWSUIT IS NOT "RELATED" WITHIN THE MEANING OF
LOCAL RULE 40.5(A) TO THE CASE DESIGNATED BY PLAINTIFF**

I.      **Random Assignment and the Related-Case Rule.**

Rule 40.3(a) of the Local Rules of this Court requires that civil cases "shall be assigned to

Judges of this court selected at random."  At the heart of the rules pertaining to random assignment is

the protection of the "integrity and confidentiality of the random assignment of cases." Local Rule

40.3(a)(1); see also Local Rule 40.9 (sanctions for the improper disclosure of specific information

pertaining to assignment). These requirements preserve confidence in the courts by ensuring that judges

are selected at random by the Clerk of the Court, rather than by one of the parties to serve its own

interests:

> The fundamental rationale for the general rule requiring random assignment of cases is
> to ensure greater public confidence in the integrity of the judicial process.  The rule
> guarantees fair and equal distribution of cases to all judges, avoids public perception or
> appearance of favoritism in assignments, and reduces opportunities for judge-shopping.

Tripp v. Executive Office of the President, 196 F.R.D. 201, 202 (D.D.C. 2000); Dale v. Executive

Office of the President, 121 F. Supp.2d 35, 37 (D.D.C. 2000) (same).

Local Rule 40.5(a)(3) specifies the narrow criteria that a case must satisfy to be removed from

the random assignment process because it is "related" to a pending case:

> Civil, including miscellaneous, cases are deemed related when the earliest is still pending
> on the merits in the District Court and they (i) relate to common property, or (ii) involve
> common issues of fact, or (iii) grow out of the same event or transaction, or (iv) involve
> the validity or infringement of the same patent.

See Keepseagle v. Glickman, 194 F.R.D. 1, 3 (D.D.C. 2000) ("Local Rule 40.5 is intended to

constitute an *exception* to the normal judicial policy of random assignment of cases . . . .") (quoting

<u>Sculimbrene v. Reno</u>, Civil Action No. 99-2010, Memorandum and Order at 2 (D.D.C. Jan. 24,

2000) (Lamberth, J.) (emphasis in original)).  This limited exception to the random assignment rule rests

on considerations of judicial economy. <u>Tripp</u>, 196 F.R.D. at 202; <u>Dale</u>, 121 F. Supp.2d at 37.

When a defendant objects to a designation that cases are related pursuant to Local Rule

40.5(b)(2), the matter is determined by the judge to whom the case is assigned.  Local Rule 40.5(b)(2),

(c)(3).  The party who seeks to avoid random reassignment bears the burden of showing that the cases

are related under a provision of Rule 40.5(a)(3). <u>Dale</u>, 121 F. Supp. 2d at 37.  Under subsection

(c)(1), "[i]f a judge who is assigned a case under this procedure determines that the cases in question

are not related, the judge may transfer the new case to the Calendar Committee" for random

reassignment.

## II.    Plaintiff's Case is Not Related to <u>Stillman</u>.

A comparison of the allegations in this case to those in <u>Stillman</u> reveals that plaintiff's lawsuit

does not present any common issues of fact with <u>Stillman</u>.  The cases pertain to two separate plaintiffs

whose complaints allege that they worked for different entities during different time periods. The

complaints of the two plaintiffs also describe quite different careers, and their lawsuits concern separate

manuscripts about their careers that were each submitted to the government for publication review at

different times.  Consequently, there is no basis for the Court to depart from its normal practice of

randomly assigning cases.

Plaintiff's complaint alleges that he was employed by the CIA as an Operations Officer from

1993-2001, and that in 2002 he submitted a portion of his memoirs to the "CIA's Office of

Prepublication Review ("PRB") for prepublication review" pursuant to one or more secrecy agreements. Sterling v. CIA, Case No. 1:03CV00603, Complaint ¶¶ 5, 6 (March 4, 2003) ("Sterling Complaint").  Plaintiff further alleges that he met with the PRB in April 2002 to discuss the CIA's concerns regarding some of the contents of his memoirs, Sterling Complaint ¶ 7, and that he submitted additional chapters of his memoirs for review in October 2002 following those guidelines, Sterling Complaint ¶ 8.  Plaintiff alleges that in two subsequent letters, the CIA notified him that additional information in his manuscript was considered classified and that the new decisions conflicted with prior decisions about classification.  Plaintiff further claims that the CIA instructed him "to knowingly include false information within his manuscript." Sterling Complaint ¶¶ 10, 11.  Based on these factual allegations, plaintiff asserts that the defendant violated his First Amendment right to publish his manuscript by improperly determining certain information to be classified.

The allegations in the Stillman litigation, which was filed on June 18, 2001, involve none of the factual claims raised by the plaintiff.  Mr. Stillman's complaint alleges that he is a physicist–"the foremost expert on China's nuclear weapons program"–and was "employed with LANL [the University of California's Los Alamos National Laboratory]" until 1993. Stillman v. Department of Energy et al., Case No. 1:01CV01342, Complaint ¶¶ 3, 8 (June 18, 2001) ("Stillman Complaint") (Attachment 1). His complaint concerns allegations about publication review by the Department of Energy, the Department of Defense, and the Central Intelligence Agency of a manuscript that Mr. Stillman authored detailing his "nine visits to China." Stillman Complaint, ¶ 13.  Mr. Stillman alleges, among other things, that defendants' determination during the publication review process that portions of his manuscript contain classified information was improper and violated his First Amendment rights.

4

There is no factual allegation in the instant complaint that even purports to place this plaintiff within the same chain of events that are alleged to have injured Mr. Stillman.  The plaintiff is, of course, not a plaintiff in the <u>Stillman</u> suit.  According to the complaints, plaintiff and Mr. Stillman do not share a common employer; they do not even share an overlapping period of employment. Plaintiff alleges that he was employed by the CIA as an Operations Officer from 1993-2001, and Mr. Stillman alleges that he was employed with the Los Alamos Laboratory until 1993. While both men's complaints concern manuscripts, their manuscripts are allegedly based on their individual, and quite different experiences–Mr. Stillman's visits as a physicist to China's nuclear weapons facilities, and plaintiff's work as an Operations Officer for the CIA.  Each plaintiff claims to have submitted his manuscript to the respective agencies at different times, as well. According to Mr. Stillman's complaint, his manuscript *Inside China's Nuclear Weapons Program* was received by the Department of Energy, the Department of Defense, and the CIA in January 2000, or shortly thereafter, <u>Stillman</u> Complaint, ¶ 60, while plaintiff alleges that he submitted his memoirs to the CIA's Publication Review Board more than two years later in October, 2002, <u>Sterling</u> Complaint ¶ 8.  Indeed, the <u>Stillman</u> complaint includes a relatively limited discussion of the CIA. Of the 39 paragraphs of factual allegations in Mr. Stillman's complaint, only one concerns the CIA's review of his manuscript.  In Paragraph 47, he alleges that a Department of Defense employee informed a Department of Energy employee that the "[CIA] concurs with the Department of Defense assessment [of his manuscript] and has identified additional areas of concern which have been included in the attached list."

Because of the vastly differing factual complexions of these two cases, as a matter of proof, the question of whether the CIA has properly raised classification concerns about plaintiff's manuscript

bears absolutely no relationship to the question of whether government agencies, including the CIA, properly raised classification concerns about Mr. Stillman's manuscript.  The facts of each case are necessarily unique to the contents of the individual manuscript that each plaintiff submitted.

Indeed, the only relationship between the two cases is that both involve First Amendment challenges to the CIA's publication review of a manuscript.  This is a similarity of legal theory, however, and not a similarity of fact.[2]  The mere overlap of a single defendant and the existence of a First Amendment challenge to publication review of a manuscript does not create a common issue of fact for purposes of the related case determination.  Under similar circumstances in Keepseagle v. Glickman, the district court found no grounds for relating a suit by Native American farmers against the U.S. Department of Agriculture ("USDA") alleging racial discrimination to a second suit, Pigford v. Veneman, alleging discrimination by USDA against African American farmers:

> At bottom, the only relationship between this case and the Pigford case is that both sets of plaintiffs are farmers who are members of protected classes and both complain of similar discrimination at the hands of the Department of Agriculture.  These common aspects are not sufficient under this Court's Local Rules to justify waiving the normal judicial policy of random assignment of cases.

Keepseagle, 194 F.R.D. at 3.

If plaintiff were correct in filing a related case designation under these circumstances, each

---

[2] Even this apparent legal similarity between the two cases is attenuated. While each suit involves a cause of action under the First Amendment alleging that the CIA improperly determined that portions of a manuscript contained classified information, Mr. Stillman's allegations concern at least three additional legal questions not at issue in the instant case: (1) an APA count alleging delays in the review process, Stillman Complaint ¶¶ 48-57; (2) a distinct First Amendment count alleging that the agencies have improperly regulated information obtained by Mr. Stillman as a private citizen, Stillman Complaint ¶¶ 58-67; and (3) an issue concerning Mr. Stillman's counsel's access to classified information, Stillman v. CIA, 319 F.3d 546 (D.C. Cir. 2003).

person who brought a challenge to a CIA prepublication review decision would have a related case

under the Local Rules, even though each manuscript reviewed is unique and the classified information at

issue varies from manuscript to manuscript.  This result cannot be correct. As the Court observed in

<u>Tripp</u>, "to permit such an interpretation of the related case rule would undermine the important goals of

LCvR 40.3, namely to avoid any appearance of judge-shopping or favoritism in assignments and to

assure the public that cases were assigned on an impartial and neutral basis." <u>Tripp</u>, 196 F.R.D. at 202.

Accordingly, this case should be transferred to the Calendar Committee for random

reassignment in accordance with the Court's normal procedures.

DATED this 27th day of March, 2003          Respectfully submitted,

ROBERT D. McCALLUM, JR.
Assistant Attorney General
Civil Division

ROSCOE C. HOWARD, JR.
United States Attorney

VINCENT M. GARVEY
Deputy Branch Director

_____/s/_____
Sarah E. Freitas, D.C. Bar No. 428909
United States Department of Justice
Federal Programs Branch
Civil Division, Room 7223
20 Massachusetts Avenue, N.W.
Washington, D.C.  20001
Telephone:  (202) 616-2035
Email:  Sarah.Freitas@usdoj.gov
Counsel for Defendant

7