**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

)
JEFFREY STERLING,                                        )
                                                                        )
                         Plaintiff,                              )
                                                                        )
v.                                                                     )            Civil Action No. 1:03CV00603
                                                                        )
CENTRAL INTELLIGENCE AGENCY,      )            Hon. Thomas Penfield Jackson
                                                                        )
                         Defendant.                          )
_____)


## ANSWER

Defendant Central Intelligence Agency ("CIA" or "Agency"), by and through counsel,

answers the numbered paragraphs of the complaint as follows:

### JURISDICTION

1.       Paragraph 1 contains jurisdictional allegations to which no answer is required.

### VENUE

2.       Paragraph 2 contains venue allegations to which no answer is required.

### PARTIES

3.       Defendant admits the first sentence of this paragraph. Defendant admits the

second sentence of this paragraph, except to deny that plaintiff Jeffrey Sterling is required to

submit "all writings" for prepublication review by virtue of a secrecy agreement.  Defendant

admits the averment in the third sentence that plaintiff is a citizen of the United States and lacks

knowledge or information sufficient to form a belief as to the truth of the averment concerning

plaintiff's current residence.

4.      Defendant admits the first sentence of this paragraph.  Defendant denies the

second sentence of this paragraph except to admit that the CIA has identified certain information

in the plaintiff's manuscript that cannot be published because it is classified.

FACTS

5.      Deny, except to admit that defendant was employed by the CIA as an Operations

Officer from 1995-2001.

6.      Defendant denies the allegations contained in this paragraph except to admit that

plaintiff submitted a chapter and a book proposal for his memoirs to the CIA's Publications

Review Board ("PRB") for prepublication review in February 2002.

7.      Defendant denies the allegations contained in the first sentence of this paragraph,

except to admit that, at the request of plaintiff, plaintiff and his counsel, Mark S. Zaid, Esq., met

with the Chairman and other representatives of the PRB in April 2002 to discuss the Agency's

review of plaintiff's February 2002 submission to the PRB.  Defendant lacks knowledge or

information sufficient to form a belief as to the truth of the averment in the second sentence

regarding Mr. Zaid's clearances or security approvals from the Department of Justice or the

Defense Intelligence Agency. Defendant denies the remainder of the averments in the second

sentence except to admit that in certain specific instances, Mr. Zaid has executed a

secrecy/nondisclosure agreement with the CIA in conjunction with obtaining specific limited

security approval for access to limited secret level classified information regarding a specific

employee who retained his services. Defendant denies the averments in the third sentence except

to admit that Mr. Zaid was approved for access to the chapter and the book proposal for

plaintiff's memoirs submitted to the PRB in February 2002 for prepublication review.  Defendant

2

denies the averments in the fourth sentence and avers that during the April 2002 meeting, the

PRB representatives explained the reasons for the revisions or deletions to plaintiff's February

2002 submission and provided plaintiff with general oral guidance about cover, location, and

source identification issues that raise classification concerns for the Agency.

8.      Defendant denies the first sentence except to admit that in October 2002, plaintiff

submitted additional chapters of his manuscript, along with a new version of the previously

submitted chapter, to the PRB for review.  Defendant denies the second sentence of this

paragraph.  Defendant denies the third sentence of this paragraph, except to admit that in late

November 2002 the PRB informed plaintiff that a question about one aspect of the material in his

October submission required a delay with respect to the PRB's completion of its review.

9.      Defendant denies the averments in this paragraph and avers that the PRB

reviewed plaintiff's submissions in accordance with the PRB's policies and procedures governing

the prepublication review of material intended for nonofficial publication by current and former

Agency employees, and that OGC provided legal advice to the PRB consistent with the same

policies and procedures.

10.      This paragraph contains plaintiff's characterization of the December 2, 2002,

letter, to which no response is required. Insofar as a response is deemed necessary, defendant

denies the allegations in the paragraph, except to the extent that they accurately state the contents

of the December 2, 2002 letter.

11.      This paragraph contains plaintiff's characterization of the January 3, 2003, letter,

to which no response is required. Insofar as a response is deemed necessary, defendant denies the

allegations in the paragraph, except to the extent that they accurately state the contents of the

January 3, 2003, letter.

FIRST CAUSE OF ACTION
(FIRST AMENDMENT - RIGHT TO PUBLISH -
CLASSIFICATION CHALLENGE)

12.    Defendant restates its responses to above paragraphs 1-11.

13.    Deny, except to aver that defendant lacks knowledge or information sufficient to

form a belief as to the truth of the averment that plaintiff "properly" submitted his draft memoirs,

and aver that, pursuant to one or more secrecy agreements, plaintiff submitted a book proposal

and certain chapters of his draft memoirs to the PRB.

14.    Deny, except to admit that the CIA has identified certain information in the

plaintiff's manuscript that cannot be published because it is classified.

15.    Paragraph 15 contains conclusions of law to which no answer is required, but

insofar as an answer may be deemed necessary, deny.

16.    Paragraph 16 contains conclusions of law to which no answer is required, but

insofar as an answer may be deemed necessary, deny.

17.    Paragraph 17 contains conclusions of law to which no answer is required, but

insofar as an answer may be deemed necessary, deny.

18.    The first, second, and fourth sentences of this paragraph contain conclusions of

law to which no answer is required, but insofar as an answer may be deemed necessary, deny.

Defendant denies the averment in the third sentence of this paragraph.

19.     Paragraph 19 contains conclusions of law to which no answer is required, but insofar as an answer may be deemed necessary, deny.

The remainder of the complaint consists of plaintiff's prayer for relief to which no answer is required, but insofar as an answer is deemed required, defendant denies that plaintiff is entitled to the relief for which he prays or to any relief whatsoever.

No answer to the internal headings of the complaint is required.  To the extent a response is required, deny.   Each and every averment, allegation, inference, and conclusion in the complaint not heretofore expressly addressed is denied.

Wherefore, defendant, having fully answered, respectfully prays that this action be dismissed with prejudice and that this Court award defendant such other and further relief as the Court may deem just and proper.


DATED: May 16, 2003                    Respectfully submitted,

                                       ROBERT D. McCALLUM, JR.
                                       Assistant Attorney General
                                       Civil Division

                                       ROSCOE C. HOWARD, JR.
                                       United States Attorney

                                       VINCENT M. GARVEY
                                       Deputy Branch Director


                                       _____/s/_____
                                       Sarah E. Freitas, D.C. Bar No. 428909
                                       United States Department of Justice
                                       Federal Programs Branch
                                       Civil Division, Room 7223
                                       20 Massachusetts Avenue,  N.W.

Washington, D.C.  20001
Telephone:  (202) 616-2035
Email:  Sarah.Freitas@usdoj.gov

Counsel for Defendant