**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

WENDY LEE                                      *
                                               *
     Plaintiff,                              *
                                               *
     v.                                      *     Civil Action No. 03-CV-206 (TPJ)
                                               *
CENTRAL INTELLIGENCE AGENCY                    *
                                               *
     Defendant.                              *
\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*
JEFFREY STERLING                               *
                                               *
     Plaintiff,                              *
                                               *
     v.                                      *     Civil Action No. 03-CV-603 (TPJ)
                                               *
CENTRAL INTELLIGENCE AGENCY                    *
                                               *
     Defendant.                              *
\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

**PLAINTIFFS' JOINT MOTION OUTLINING PROPOSED COURSE OF ACTION**

These two cases involve First Amendment challenges to the defendant Central Intelligence

Agency's ("CIA") refusal to allow information authored by the plaintiffs, both of whom

previously maintained a working relationship with the CIA, to be published. In the case of

plaintiff Wendy Lee ("Lee")[1], the CIA will not permit the release of even one word of her draft

manuscript. With respect to plaintiff Jeffrey Sterling ("Sterling"), the CIA has objected to the

release of certain information included within his draft autobiography.

Both Lee and Sterling are represented by the same undersigned attorney, who routinely

obtains access to classified information as part of his law practice of representing individuals

employed within the intelligence community. Although counsel has had prior access to all or at

least most of the information allegedly classified in Sterling's manuscript, the CIA has refused to

---

[1] "Wendy Lee" is a pseudonym. Her real name, when used in connection to the CIA, is allegedly classified.

grant counsel access to any portions of Lee's manuscript. [2] The CIA has filed Motions for

Summary Judgment in both cases. Before requiring the plaintiffs to respond, the Court indicated

it would review the information in question. At a status conference held on March 11, 2004, the

Court noted its inclination to formally opine that the information in both manuscripts was

classified based on the CIA's assertions and its own review of the documents. Thus, the

conundrum faced by this Court is how to proceed next.

## ARGUMENT

These cases are not Freedom of Information Act ("FOIA") cases. The claims arise under the

guaranteed rights set forth within the First Amendment, and the plaintiffs will not condone the

devolution of their claims into the mere equivalent of a FOIA challenge. The D.C. Circuit in

McGehee was quite clear in its articulation that both Lee and Sterling have "a strong first

amendment interest in ensuring that [government] censorship of [their manuscripts] results from

a *proper* classification of the censored portions." McGehee v. Casey, 718 F.2d 1137, 1148 (D.C.

Cir. 1983)(emphasis original). More importantly, these cases arise:

> in a posture significantly different from a request for release of [government]
> documents under the Freedom of Information Act (FOIA). In a FOIA case, an
> individual seeks to compel release of documents in the government's
> possession. Here, by contrast, [Lee and Sterling] wish[] publicly to disclose
> information that [they] already possesses, and the government has ruled that
> [their] secrecy agreement[s] forbids disclosure. This difference between seeking
> to obtain information and seeking to disclose information already obtained
> raises [Lee and Sterling's] constitutional interests in this case above the
> constitutional interests held by a FOIA claimant.

Id. at 1147.

---

[2] Although counsel may not have had access to the entire documentary record, he is fully
informed about the substantive contents due to his representation of Sterling since 2001, in an
unrelated employment dispute. However, the same is not true with respect to the Lee case.
Counsel has not been permitted to even speak with his client about the information in question.
The only information to which the CIA has authorized counsel's access is the true name of his
client.

In more recent days, another panel of the D.C. Circuit has, according to the government, seemingly stepped back from the McGehee pronouncement. If interpreted in this light, then a conflict now exists; one that must be resolved by the D.C. Circuit. Therefore, the plaintiffs propose three alternatives for the Court to pursue.

First, the Court should presume that its present opinion would remain the same were it to review submissions by the plaintiffs without allowing their counsel access to the alleged classified information. It would be a complete waste of time and expense for the parties to complete their briefing and then have the Court adjudicate this dispute as if it was nothing more than a FOIA case. Without providing plaintiffs' counsel access to all the underlying information, any challenge filed by the plaintiffs would be so severely hampered that it would be virtually valueless.[3] "The court should [now] determine whether it can, consistent with the protection of [Lee and Sterling's] first amendment rights to speak and to publish, and with the appropriate degree of deference owed to the Executive Branch concerning classification decisions, resolve the classification issue without the assistance of defense [sic] counsel." Stillman v. DoD, 319 F.3d 546, 549 (D.C. Cir. 2003).

Therefore, "the court should consider whether its need for such assistance outweighs the concomitant intrusion upon the Government's interest in national security." Id. Upon consideration, this Court should grant counsel access to the allegedly classified information to allow for a fair and balanced presentation of the underlying issues. There is absolutely no prohibition on the Court taking this position, as was done by the Honorable Emett Sullivan in Stillman v. DoD, 209 F. Supp. 2d 185 (D.D.C. 2002), rev'd on other grounds, 319 F.3d 546 (D.C. Cir. 2003). Judge Sullivan followed the logic set forth by the D.C. Circuit twenty years ago.

---

[3] Unlike Stillman, neither Lee nor Sterling is an expert in "classification and declassification." Stillman, 319 F.3d at 1149.

> [T]he courts should require that CIA explanations justify censorship
> with reasonable specificity, demonstrating a logical connection between
> the deleted information and the reasons for classification. These should
> not rely on a "presumption of regularity" if such rational explanations
> are missing. We anticipate that *in camera* review of affidavits, followed
> if necessary by further judicial inquiry, will be the norm.... *Moreover,*
> *unlike FOIA cases, in cases such as this both parties know the nature of*
> *the information in question. Courts should therefore strive to benefit*
> *from "criticism and illumination by [the] party with the actual interest*
> *in forcing disclosure."*

McGehee, 718 F.2d at 1148-49 (emphasis added)(citations omitted).

The recent Stillman decision did not limit this analysis. It stated that "[p]recisely because it is often difficult for a court to review the classification of national security information, 'we anticipate that *in camera* review of affidavits, followed if necessary by further judicial inquiry, will be the norm.'". Stillman, 319 F.3d at 549, citing McGehee, 718 F.2d at 1149. For an unknown reason, the Stillman panel omitted the follow-up sentence "[m]*oreover, unlike FOIA cases, in cases such as this both parties know the nature of the information in question. Courts should therefore strive to benefit from "criticism and illumination by [the] party with the actual interest in forcing disclosure."* Id. That it did so should not, and cannot, be interpreted as overruling or limiting the McGehee pronouncement. Therefore, this Court should do what Judge Sullivan did not explicitly state in his written decision -- that under this unique set of circumstances the assistance that plaintiffs' counsel will provide to this dispute outweighs the concomitant intrusion upon the Government's interest in national security.

Second, if the first option is not adopted, allow Lee to privately meet with the Court in chambers, without counsel present and *ex parte*, at which time she can fully argue, particularly on a factual basis, why the contents of her manuscript draft are not classified. Sterling would also seek to avail himself of this opportunity, however his counsel should be present given that he has had full access to the information. This option is no different than that typically requested – and at times in the past permitted – by the government in FOIA cases. If the government believes this

case should be argued as a FOIA case, then this option should be available. At the very least, the

plaintiffs would be able to say, literally, that they had their day in court.

Finally, if neither of these two options is acceptable to the Court, then it should declare it

believes the documents are classified and the cases should be dismissed to allow for an

immediate appeal. Let the D.C. Circuit Court of Appeals clarify the proper process that is to

occur in these rare First Amendment pre-publication challenges. If this option is chosen,

however, so that the necessary issues can ultimately be resolved once and for all, it is imperative

for the Court to state that it believes the only appropriate option was to adjudicate this dispute as

if the matter were a FOIA dispute, i.e., based solely on the submission of the CIA's declarations.

The CIA's interests outweighed that of the Plaintiffs' counsel, even despite his having been

adjudicated trustworthy to obtain access to classified information, to review the underlying

information in question. The Court should specifically state in its Order that it could not fathom

how to properly permit "further judicial inquiry" beyond that of a FOIA dispute.

With the dismissal of the plaintiffs' cases on this basis, at least the question as to whether this

is a FOIA case or a First Amendment constitutional case will be addressed and resolved at the

appellate level.

Date:  April 1, 2004

Respectfully submitted,

/s/

_____

Mark S. Zaid, Esq.
D.C. Bar #440532
Krieger & Zaid, PLLC
1747 Pennsylvania Avenue, N.W.
Suite 300
Washington, D.C. 20006
(202) 454-2809